**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

KONIAG, INC.,

        Plaintiff,

    vs.

ALICIA REFT,

        Defendant.

Case No. 3:15-cv-00010-SLG

## ORDER OF REMAND

On January 20, 2015, Alicia Reft removed Alaska Superior Court Case No. 3AN-14-10268CI to this Court,[1] purportedly under the Court's subject matter jurisdiction.[2] Title 28 U.S.C. section 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The Plaintiff in this case, Koniag, Inc., previously filed a case in this Court which the Court described as follows:

> Koniag brought the present action for intentional trespass, ejectment, and to quiet title in connection with the Cabin. Koniag also seeks a declaratory judgment that (1) any challenge to the Merger is time-barred; (2) the removal of the Cabin will not violate the Native American Graves Protection and Repatriation Act (NAGPRA); (3) the land obtained by Koniag through the Merger may not be adversely possessed; (4) neither Reft nor the Native Village of Karluk, acting through Reft, may disturb Koniag's interest in its land through retrocession from Public Law 280; and (5) neither Reft, nor the Native

---

[1] Docket 1; *see also* Docket 4 (Complaint).

[2] Docket 1 at 1; 28 U.S.C. §§ 1331, 1441, 1446.

Village of Karluk, acting through Reft, may exercise governmental or proprietary jurisdiction over Koniag, its land, or the Cabin. On August 5, 2013, Koniag filed a Notice of Voluntary Dismissal of Claims Against Andrew Airways and Dean T. Andrew Without Prejudice and Without Costs.[3]

In that previous case, Ms. Reft prevailed on a motion to dismiss, arguing that the Court did not have subject matter jurisdiction under 28 U.S.C. § 1331.[4]

Koniag then filed its claims against Ms. Reft in the Superior Court for the State of Alaska,[5] which case Ms. Reft removed to this Court.[6] For the same reason that the Court dismissed the previous case – lack of subject matter jurisdiction[7] – this case must be remanded to the state court as required by 28 U.S.C. § 1447(c).

---

[3] *Koniag, Inc. v. Andrews Airways, Inc.*, *Dean T. Andrew, and Alicia L. Reft*, 3:13-cv-00051-SLG Docket 81 at 3 (footnotes omitted).

[4] 3:13-cv-00051-SLG, Docket 36 at 9 (Alicia Reft's Motion to Dismiss: "This court lacks federal question - subject matter jurisdiction to hear and adjudicate Koniag's complaint."); *see also* Docket 42 at 8 (Reply); Docket 81 (Dismissal).

[5] 3AN-14-10268CI.

[6] Docket 1; *see also* Docket 4 (Complaint).

[7] 3:13-cv-00051-SLG, Docket 81 at 5-6 ("Koniag's Complaint anticipates several defenses incorporating federal law, but there is no federal question presented on the face of the Complaint, which, with the exception of Koniag's declaratory judgment cause of action discussed below, presents only state law claims for intentional trespass, ejectment, and to quiet title. . . . The Declaratory Judgment Act, 28 U.S.C. § 2201, expanded the scope of relief available in federal courts but did not extend the scope of their jurisdiction. 'A declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a federal defense to a state law claim brought by the declaratory judgment defendant in state court.' A court has federal question jurisdiction over a declaratory action when the defendant in such an action could have brought a coercive action that would arise under federal law.") (quoting *Janakes v. U.S. Postal Service*, 768 F.2d 1091, 1093 (9th Cir. 1985), and citing *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, --- U.S. ---, 134 S. Ct. 843, 848 (2014) (Federal courts "ask whether a coercive action brought by the declaratory judgment

IT IS THEREFORE ORDERED:

1.      This case is REMANDED to the Superior Court for the State of Alaska, Third

Judicial District, Case No. 3AN-14-10268CI.

2.      All outstanding motions may be decided by the Superior Court for the State

of Alaska.

3.      Any further documents filed in this case will be forwarded to the Superior

Court for the State of Alaska, for filing in 3AN-14-10268CI.

4.      This case is CLOSED.

        DATED at Anchorage, Alaska this 3rd day of March, 2015.

                                        */s/ SHARON L. GLEASON*
                                        United States District Judge

---

defendant . . . would necessarily present a federal question.") (internal quotations
omitted)).